IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**LARVICTOR FLOURNOY,**

 **Plaintiff,**

**vs.**          **Case No. 4:05cv302-RH/WCS**

**D. ELLIS, et al.,**

 **Defendants.**

_____ /


## REPORT AND RECOMMENDATION

 Plaintiff, proceeding *pro se*, has filed a third amended civil rights complaint.  Doc. 43.  Also recently filed is the United States Court of Appeals for the Eleventh Circuit's order dismissing Plaintiff's appeal for lack of jurisdiction, doc. 44, the District Judge's order, doc. 42, denying Plaintiff's motion for reconsideration, doc. 41, and the order which required Plaintiff to file the third amended complaint in compliance with the prior amendatory order (document 24) entered back in December, 2005.  Doc. 40.  Plaintiff has now timely complied with the order to file the third amended complaint, and that document has been reviewed as is required by 28 U.S.C. § 1915A.

 In the last order, doc. 24, Plaintiff was advised of the various problems with his second amended complaint.  Plaintiff was cautioned that it would be his final opportunity to submit a viable complaint.  *Id.*  He was specifically reminded that he could not litigate

claims related to a disciplinary hearing in which he lost gain time which has not been restored.  *Id.*  Plaintiff also was directed to limit the claims in this case and told that a suit with some twenty-one named Defendants was not manageable, and that separate events must be litigated separately.  *Id.*  Plaintiff was cautioned that he could only litigate claims and events which were related and occurred within the same general period, not claims which span a large number of months and are not connected.  *Id.*

In the instant complaint, Plaintiff has once again listed twenty-one Defendants. Doc. 43.  Plaintiff has again combined claims which are not related.  Plaintiff brings claims for retaliation, allegedly conducted by numerous different officials at different times.  Plaintiff complains that due to retaliation he was put into close management, he was threatened, was issued an allegedly false disciplinary report for assault in December of 2004,[1] and not given due process in the investigation for the disciplinary report.  *Id.*  Plaintiff further contends that he was not given dental care or permitted to receive the comprehensive dental plan, a claim completely separate from any retaliation claim.  *Id.*  Plaintiff also asserts that on February 28, 2005, he was ordered to lay in a pool of water and when Plaintiff did not comply, he was issued another allegedly false disciplinary report, and again, not given assistance in defending against the charge as required by due process.  *Id.*  Plaintiff alleges that on May 26, 2005, another Defendant threatened Plaintiff, fabricated another disciplinary report for refusing to obey an order to show identification so that legal mail could be given to him, and then Plaintiff asserts

---

[1] The disciplinary report is found on page 26 of attachment B, doc. 1.

he was again denied due process in the hearing when Plaintiff was found guilty.[2]  *Id.*

Plaintiff also complains about property that was allegedly taken in June of 2005, and

complains he was not given a property confiscation slip and was issued another

disciplinary report for which he contends he was not given the worksheet explaining the

basis for the decision which was rendered in late June, 2005.  *Id.*  Plaintiff alleges that

on June 27th and 28th, 2005, several officers attempted to engage Plaintiff in a

confrontation so that his custody status could be upgraded.  *Id.*  Plaintiff contends that

on July 1, 2005, an inspector refused to investigate Plaintiff's allegations and would not

help Plaintiff despite "her foreknowlege [sic] that plaintiff was going to be moved and

gased [sic] for filing" grievances.  *Id.*  Plaintiff then alleges that in early July, 2005, he

was subjected to chemical agents because of his grievance writing and then given

another fabricated disciplinary report.[3]  *Id.*  Plaintiff contends he was refused the

opportunity to take a shower on July 16th and July 19th, threatened with disciplinary

reports where it would be falsified that he refused to take a shower, and subjected to the

destruction of numerous grievances.  *Id.*

Plaintiff's third amended complaint does not comply with prior orders to litigate

only one basic claim or incident in this case.  Rather, Plaintiff continues to litigate many

separate events.  These events span many months and involve a multitude of different

Defendants.  There is no allegation that there is a question of law or fact common to all

Defendants arising from the same or a series of transactions or occurrences as required

by Fᴇᴅ. R. Cɪᴠ. P. 20(a).  Further, the allegations are so general, it is often impossible to

---

[2] This report is marked as Exhibit I-4.  Doc. 1, ex. B, p. 50.

[3] This report is marked as Exhibit K-1.  Doc. 1, ex. B, p. 64.

determine what a particular Defendant did or did not do at a particular time to give rise to a particular constitutional claim.  Finally, many of Plaintiff's claims are intertwined with disciplinary reports for which Plaintiff admittedly lost gain time and that gain time has not been restored.  Plaintiff was previously advised that he could not bring such claims as they were barred under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) and Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997), and he was directed to omit them.  Plaintiff has refused to comply with that instruction and continues to present such claims.  These claims are not ripe for review in this § 1983 action and, accordingly, Plaintiff's allegations fail to state a claim upon which relief may be granted.

Thus, it is **RECOMMENDED** that Plaintiff's third amended complaint, doc. 43, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and for failing to comply with court orders to limit his allegations to one basic incident or issue, and it is further **RECOMMENDED** that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on May 4, 2006.


**s/     William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.