# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

LARVICTOR FLOURNOY,

    Plaintiff,

v.                                    CASE NO. 4:05cv302-RH/WCS

D. ELLIS, et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

    This matter is before the court on the magistrate judge's report and recommendation (document 45), and the objections thereto (document 46). I have reviewed de novo the issues raised by the objections. I find that the report and recommendation is correct and should be adopted as the opinion of the court, with this additional note.

    The magistrate judge entered an order on December 23, 2005 (document 24) noting the deficiencies in plaintiff's second amended complaint and directing plaintiff to file a third amended complaint. Plaintiff refused to do so, and on March 1, 2006, the magistrate judge recommended dismissal of this action without prejudice for failure to abide by the order. (Document 34.) By order entered

March 29, 2006 (document 40), I dismissed plaintiff's second amended complaint but afforded plaintiff a final opportunity to file a third amended complaint curing the deficiencies in the second amended complaint.  The March 29 order explained:

> Orderly procedures are required for handling the volume of prisoner cases included on this court's docket.  Without orderly procedures, the court would be unable to give each case the time and attention it deserves.
>
> The magistrate judge has recommended dismissal of the second amended complaint without prejudice for failure to abide by the magistrate judge's order of December 23, 2005 (document 24).  That order explained in detail some of the deficiencies in the second amended complaint.  The order directed plaintiff to file a third amended complaint and provided considerable guidance on the required content of any such filing.
>
> Under Federal Rule of Civil Procedure 72, plaintiff could have sought review by the district judge of the magistrate judge's order.  But plaintiff did not do so.  The magistrate judge's order was lawfully entered.  Plaintiff was obligated either to challenge it under the court's rules or to comply with it.  When plaintiff did neither, the magistrate judge recommended dismissal of the action for failure to comply with the order.
>
> In his objections to the report and recommendation, plaintiff makes no effort to come to grips with his failure to abide by the magistrate judge's order.  Dismissal would be appropriate (at least upon dismissal of plaintiff's pending appeal to the Eleventh Circuit from a non-final order).  Nonetheless, plaintiff will be given one final chance to file a third amended complaint.  The third amended complaint should comply with the instructions in the magistrate judge's order of December 23, 2005 (document 24), with this clarification.  Plaintiff may include claims against multiple defendants to the extent authorized by Federal Rule of Civil Procedure 20, and may include claims against any properly joined defendant to the

      extent authorized by Federal Rule of Civil Procedure 18. If plaintiff fails to file a third amended complaint by the deadline established by this order, then, upon dismissal of the pending appeal, this action will be dismissed.

Order entered March 29, 2006 (document 40) at 1-3. Plaintiff's appeal to the Eleventh Circuit now has been dismissed for lack of jurisdiction.

      In the third amended complaint, plaintiff challenges a wide array of conduct by numerous defendants. Among other things, plaintiff challenges disciplinary actions that resulted in the revocation of gain time that has not been restored. As correctly noted in the report and recommendation now under review, any such challenge must be made by petition for writ of habeas corpus and cannot be made in this action. If plaintiff asserts all of his allegations against all of these various defendants are sufficiently related to be joined in this action — that is, that all are part of the same series of transactions or present common issues of fact or law — they run afoul of the ban on litigating in civil rights actions claims that properly may be presented only in habeas. And in any event, plaintiff has violated the earlier orders making clear that he would have one last chance to file a viable complaint and that it could *not* include challenges to the disciplinary proceedings resulting in unrestored gain time.

      For these reasons and those set forth in the report and recommendation,

      IT IS ORDERED:

*Page 4 of 4*

The report and recommendation is ACCEPTED and adopted as the opinion of the court. The clerk shall enter judgment stating, "The complaint is dismissed without prejudice." The clerk shall close the file.

SO ORDERED this 2d day of June, 2006.

s/Robert L. Hinkle<br>
Chief United States District Judge